UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM N. GERHARTZ,

        Petitioner,

v.                                          Case No. 10-C-188

WARDEN PAM WALLACE,

        Respondent.

## ORDER

On March 8, 2010, William N. Gerhartz filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Calumet County Circuit Court of injury by intoxicated use of a vehicle and operating while intoxicated as a fifth or subsequent offense and was sentenced to 10 years imprisonment.[1] He is currently incarcerated at Stanley Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

---

[1] Gerhartz was sentenced to seven years imprisonment in Calumet County Case No. 2006CF15 for the intoxicated use of a vehicle, and three years imprisonment in Case No. 2006CF36 for operating while intoxicated as a fifth or subsequent offense, to run consecutively. *See* Calumet County Case Numbers 2006CF15 and 2006CF36 at http://wcca.wicourts.gov/.

Gerhartz first claims that his counsel was ineffective for failing to move to suppress the results of a blood test taken from him after his auto accident. He maintains that there was no probable cause for the blood draw prior to his arrest. Gerhartz's other ground in support of his petition is that his counsel's assistance was constitutionally deficient for failing to hire an accident reconstructionist to determine whether the other driver had been driving recklessly.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Gerhartz will be unable to show that the assistance his counsel provided was ineffective on his first claim if law enforcement had probable cause and took his blood sample while he was unconscious, as the Wisconsin Court of Appeals found, *State v. Gerhartz*, 2009 WI App 158, ¶ 6, 776 N.W.2d 100, 2009 WL 3103755 (unpublished decision), because Wisconsin's implied consent law, Wis. Stat. § 343.305(2), applies to taking blood from an unconscious person. *State v. Lange*, 2009 WI 49, ¶ 17 n.5, 317 Wis. 2d 383, 766 N.W.2d 551; *see also* Wis. Stat. § 343.305(3)(b) (unconscious persons not deemed to have withdrawn consent; law enforcement may take blood sample if probable cause exists). But I cannot determine whether or not the state court's factual findings or application of *Strickland* were unreasonable at this stage in the proceedings. Similarly, I cannot determine based on the petition alone whether the state court erred in addressing Gerhartz's claim of ineffective assistance for failure to hire a reconstructionist. Gerhartz presents at least colorable constitutional issues.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

3

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   19th   day of March, 2010.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge