UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM N. GERHARTZ,

    Petitioner,

v.                                         Case No. 10-C-188

PAM WALLACE, Warden

    Respondent.

**DECISION AND ORDER ON HABEAS PETITION**

On March 8, 2010, petitioner William N. Gerhartz ("Gerhartz"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his confinement at Stanley Correctional Institution, where the respondent, Pam Wallace, is warden. On March 19, 2010, United States District Judge William C. Griesbach issued an order under Rule 4 of the Rules Governing § 2254 Cases directing the respondent to file an appropriate motion seeking dismissal or to answer the petition in compliance with Rule 5 of the Rules Governing § 2254 cases, and showing cause, if any, why the writ should not issue. Upon the parties' consent to the exercise of jurisdiction by a magistrate judge on April 6, 2010, the case was transferred to this court for all further proceedings, including the entry of final judgment.

**I. BACKGROUND**

This case arises from Gerhartz's no contest plea to one count of injury by intoxicated use of a motor vehicle in violation of Wis. Stat. § 940.25(1)(a) (2007-2008)[1] and one count of operating while

---

[1] All references to the Wisconsin Statutes are to the 2007-08 version unless otherwise noted.

under the influence, fifth or subsequent offense, in violation of Wis. Stat. § 346.63(1)(a).

The court entered judgment of conviction for these offenses on June 21, 2010. The court then sentenced Gerhartz to twelve years imprisonment on the injury by intoxicated use of a motor vehicle conviction, with seven years initial confinement and five years of extended supervision, and six years imprisonment on the operating while intoxicated conviction, with three years of initial confinement and three years of extended supervision, to be served consecutively.

The Wisconsin Court of Appeals summarized the events leading to Gerhartz's imprisonment as follows:

> Gerhartz pled guilty to two counts of disorderly conduct in case No. 2008AP2420-CR. He also entered a diversion agreement under which the charges would be dismissed if he met certain conditions. The agreement was revoked when Gerhartz was charged in case No. 2008AP2421-CR. Gerhartz was charged in the case, among other things, injury by intoxicated use of a motor vehicle after the truck he was driving collided with a car driven by Brandon Bratz. Gerhartz's blood alcohol concentration was .243 at the time, and Bratz and a passenger in his car were both injured in the crash. In case No. 2008AP2422-CR, Gerhartz was charged with operating while intoxicated as a fifth and subsequent offense and two counts of disorderly conduct. The remaining charges were dismissed. The court sentenced Gerhartz to a total of twelve years of initial confinement and six years of extended supervision in all three cases.

*State v. Gerhartz*, 2009 WI App 158, ¶ 2, 321 Wis. 2d 749, ¶ 2, 776 N.W.2d 100, ¶ 2 (unpublished).

On March 10, 2008, Gerhartz filed a motion for post-conviction relief alleging he received ineffective assistance of trial counsel and seeking a *Machner*[2] hearing to establish his claim. Gerhartz contended that his trial counsel provided deficient assistance by failing to investigate the circumstances of the accident and by failing to hire an accident reconstruction expert to testify in support of an affirmative defense that Bratz's negligence, not Gerhartz's intoxication, caused the accident. The circuit

---
[2]*State v. Machner*, 92 Wis.2d 797, 285 N.W.2d 905 (Ct. App. 1979).

2

court held a hearing and subsequently denied his motion, determining that Gerhartz did not satisfy his burden of proof under *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, the circuit court found that counsel made the best tactical decision that he could recommend based on investigation of the case and attorney-client discussions, and that even if his representation had been deficient, counsel's decision did not prejudice Gerhartz given the significant amount of evidence indicating his guilt.

On direct appeal, Gerhartz again alleged that he received ineffective assistance of trial counsel on the grounds that counsel failed to investigate the circumstances of the accident and failed to hire an accident reconstruction expert. In addition, Gerhartz claimed that his counsel was ineffective for failing to move for suppression of blood test results showing that Gerhartz's blood alcohol level was .243 following the accident. The appellate court concluded that trial counsel was not ineffective on both grounds. On the first issue, the court agreed with the circuit court's determination that counsel negotiated a reasonable deal in light of the evidence against Gerhartz and the number of charges pending against him. As to the second issue, the court elected to address the merits despite Gerhartz's failure to raise the issue at the trial level. In doing so, the court determined that counsel's decision not to move for suppression was reasonable because the responding officer had sufficient probable cause to collect a blood sample under Wisconsin's implied consent statute, Wis. Stat. § 343.305(2). As to probable cause, the court stated:

> A paramedic who was treating Gerhartz at the scene of the collision told the officer that he believed Gerhartz had been drinking alcohol, and another first responder was a bartender who said she had served Gerhartz alcohol that evening. Because the officer had probable cause to believe that Gerhartz had been driving after consuming alcohol, a motion to suppress the results of the blood test would have been denied.

*Gerhartz*, 2009 WI App. ¶ 7.

Gerhartz filed a petition for review with the Wisconsin Supreme Court; however, his petition

3

for review was denied on January 14, 2010.

Gerhartz filed with this court his petition for a writ of habeas corpus on March 8, 2010, pursuant to 28 U.S.C. § 2254, claiming that his state court conviction and sentence violated his Sixth Amendment right to effective assistance of counsel. Gerhartz's claim for habeas relief is based on the same grounds as presented to the Wisconsin Court of Appeals. For the reasons set forth below, Gerhartz's habeas corpus petition will be denied.

## II. STANDARD OF REVIEW

The habeas corpus statute, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 100 Stat. 1214, provides that a federal court may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *George v. Smith*, 586 F.3d 479, 485 (7th Cir. 2009). Section 2254 states in pertinent part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in c u s t o d y pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State, or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

A petitioner exhausts his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

Once a state prisoner satisfies the exhaustion requirement, a federal court may grant a writ for habeas corpus challenging a state court adjudication only if the state proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In deciding a petitioner's federal habeas claim, factual determinations made by the state are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"Clearly established federal law" refers to the holdings, as opposed to the dicta of the Supreme Court of the United States. *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000). The petitioner may not rely merely on precedent established by the circuit courts. *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000). For a state court's decision to be "contrary to" clearly established federal law, the decision must be "substantially different from relevant [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

An "unreasonable application" of Supreme Court precedent occurs when "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. Erroneous application of law is not sufficient to grant habeas relief. Instead the relevant inquiry is "whether the state court's application of clearly established law was objectively unreasonable." *Id.* at 409. *See also Washington*, 219 F.3d at 628.

5

**III. DISCUSSION**

The Sixth Amendment provides criminal defendants a constitutional right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Counsel's assistance is deemed ineffective when his conduct undermines the proper functioning of the adversarial process rendering the trial unreliable or the result unjust. *Strickland*, 466 U.S. at 686.

The U.S. Supreme Court laid out the benchmark for judging a claim of ineffective assistance of counsel in *Washington v. Strickland*. Under *Strickland*, the petitioner must prove two elements: (1) objectively unreasonable assistance and (2) substantial risk of prejudice. *Brown v. Finnan*, 598 F.3d 416, 419 (7th Cir. 2010). Courts reviewing habeas petitions need not address these two prongs in any particular order or even address both if the defendant makes an inadequate showing as to one. *Strickland*, at 466 U.S. at 697.

Objectively unreasonable representation occurs where "counsel ma[kes] errors so serious that counsel [is] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The standard governing this "performance inquiry" is "whether counsel's assistance was reasonable considering all circumstances." *Id.* at 688. When assessing the reasonableness of counsel's performance, "every effort should be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689; *U.S.* ex rel. *Hampton v. Leibach*, 347 F.3d 219, 246 (7th Cir. 2003). In short, review of an attorney's performance is highly deferential, allowing for sizable differences in professional opinion as to how best represent a client. High deference is particularly important in cases such as this, where the court is reviewing counsel's effectiveness in a case concluding in a plea deal. *United States v. Harris*, 394 F.3d 543 (7th Cir. 2005).

As the Supreme Court recently stressed:

> Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function. Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place. Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger. The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

*Premo v. Moore*, __ U.S. __, 131 S. Ct. 733, 741 (2011). With this in mind, courts reviewing habeas petitions must limit their role to "determining whether there was manifest deficiency in light of information then available to counsel." *Id.*

Prejudice occurs where "counsel's errors [are] so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. Even professionally unreasonable decisions by counsel do not require setting aside a conviction if the decision has no effect on the trial's outcome. *Id.* at 692. A showing that counsel's decision had some conceivable effect on the outcome is insufficient unless the error undermines the reliability of the outcome. *Id.* at 693. Instead, a petitioner must present evidence affirmatively proving prejudice. *Id.* at 693. In cases involving plea deals, this requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A federal court may grant habeas relief on ineffective assistance claims even if the state court previously rejected such claim, but only if the state court decision was contrary to, or involved an unreasonable application of the standard set forth in *Strickland*. *Yarborough v. Gentry*, 540 U.S. 1, 4

7

(2003). The Supreme Court recently expounded on the difference between the standards of reasonableness used under *Strickland* and § 2254(d), stating:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ___, 129 S. Ct. 1411, 173 L. Ed. 2d 251. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ___, 129 S. Ct. 1411, 173 L. Ed. 2d 251. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 788 (2011).

In his petition, Gerhartz claims that his "no contest pleas were a direct result of a manifest injustice" caused by ineffective assistance of trial counsel. He asserts ineffectiveness on two grounds: first, for failing to move the trial judge to suppress blood test results for lack of probable cause, and second, for failing to hire an accident reconstruction expert to investigate the other driver's liability for the crash. The court addresses each claim below.

*A. Failure to Move for Suppression of Blood Test Results*

In his first claim, Gerhartz asserts that trial counsel was ineffective for failing to move for suppression of blood test results for lack of probable cause.[3] In addition, he requests an evidentiary hearing on the issue claiming that a proper determination cannot be made by reference to the state

---

[3]The question raised by Gerhartz in his petition is whether trial counsel provided ineffective assistance of counsel–in other words, whether the state court's decision was contrary to or an unreasonable application of *Strickland*. However, the bulk of his brief appears to present a Fourth Amendment challenge to the sufficiency of evidence that the state appellate court cited in support of its finding of probable cause. Pursuant to *Stone v. Powell*, I will not address Gerhartz's argument on this issue at all. 428 U.S. 465, 494 (1976) ("Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

record.

I will begin by denying Gerhartz's request for an evidentiary hearing. Gerhartz claims that the state trial court record is devoid of evidence relating to trial counsel's failure to move for suppression of the blood test results. While a review of the record shows this to be correct, the lack of such evidence is a consequence of Gerhartz's failure to raise the issue in his motion for postconviction relief. Had Gerhartz raised this argument in his postconviction motion, he could have questioned his trial counsel during the *Machner* hearing.

This brings me to the ineffective assistance question. Where an ineffective assistance of counsel claim is based on counsel's failure to file a motion to suppress, "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Because Gerhartz raised this issue for the first time on direct appeal of the trial court's denial of his motion for postconviction relief, the appellate court was not required to address his argument on the issue. Nonetheless, the court considered and addressed it, concluding,

> that trial counsel was not ineffective for failing to move to suppress the results of the blood test. Under Wisconsin's Implied Consent law, a person who drives a motor vehicle on a public highway in Wisconsin is deemed to have consented to a blood draw at the request of a law enforcement officer. See Wis. Stat. § 343.305(2) (2007-2008). The officer may obtain a blood sample, even if the person is unconscious, if the officer has probable cause to believe that the person has violated Wis. Stat. 346.63(1), (2m) or (5), or Wis. Stat. § 940.25. See Wis. Stat. § 343.305(3)(b). In this case, a paramedic who was treating Gerhartz at the scene of the collision told the officer that he believed Gerhartz had been drinking alcohol, and another first responder was a bartender who said she had served Gerhartz alcohol that evening. Because the officer had probable cause to believe Gerhartz had been driving after consuming alcohol, a motion to suppress the results of the blood test would have been denied. Trial counsel, therefore, was not ineffective for failing to make such a motion.

9

*Gerhartz*, 2009 WI App. ¶ 8.

This is a reasonable application of *Strickland*. With respect to the performance inquiry, the appellate court made a reasonable determination that counsel made a reasonable decision to forego a Fourth Amendment challenge to the admissibility of Gerhartz's blood test results. An examination of the record reveals ample evidence supporting a finding of probable cause. A police officer has probable cause to arrest if the quantum of evidence would lead a reasonable police officer to believe that there is more than a possibility that the defendant violated Wis. Stat. 346.63(1)(a). *See State v. Paszek*, 50 Wis. 2d 619, 624-25, 184 N.W.2d , 839 (1971).

In finding probable cause, the appellate court relied on two pieces of evidence. First, the paramedic who treated Gerhartz at the scene of the accident told police that he believed Gerhartz had been drinking. Second, another first responder, who was also a bartender, told police that she served Gerhartz beer earlier that evening. In addition to this evidence, the record reveals that Gerhartz told paramedics "I fucked up" while traveling in the ambulance from the accident scene to the hospital, where the blood sample was drawn.

This evidence was more than sufficient to establish probable cause, meaning that a motion to suppress would have been denied. It follows that, because the motion would have been denied, Gerhartz's trial counsel not only acted reasonably, but also caused no prejudice to Gerhartz as required by *Strickland's* second prong. *See Kimmelman*, 477 U.S. at 375.

Because Gerhartz's counsel acted reasonably in electing not to file a motion to suppress Gerhartz's blood test results, and because Gerhartz suffered no prejudice therefrom, this court cannot conclude that the appellate court's ruling constituted an unreasonable application of *Strickland*. Therefore, to the extent that Gerhartz's habeas corpus petition is predicated on the

claim that his trial counsel was constitutionally ineffective for failing to file a motion to suppress, his petition will be denied.

*B. Failure to Investigate the Cause of the Accident and to Hire an Accident Reconstruction Expert*

In his second claim, Gerhartz argues that trial counsel provided ineffective assistance by failing to investigate the cause of the accident. The Sixth Amendment right to effective counsel imposes a duty to reasonably investigate factual circumstances and alternative approaches to representation or to make reasonable determinations that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 691. In cases where counsel deems investigation unnecessary, his decision is "directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *United States v. Lathrop*, 634 F.3d 931, 938 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 691).

According to Gerhartz's account of the events leading to his arrest, Bratz caused the accident by veering across the center lane at a high rate of speed in white-out blizzard conditions, forcing Gerhartz to swerve into and carom off a snowbank into Bratz's vehicle. Therefore, Gerhartz believes that, had his counsel hired an accident reconstruction expert to investigate the cause of the accident, and that expert testified at trial that Gerhartz could not have avoided colliding with Bratz's vehicle even if he had been sober, a different result would have been entirely likely.[4]

The Wisconsin Court of Appeals rejected Gerhartz's claim, stating:

---

[4] Wis. Stat. § 940.25(2)(a) provides: The defendant has a defense if he or she proves by a preponderance of the evidence that the great bodily harm would have occurred even if he or she had been exercising due care and he or she had not been under the influence of an intoxicant, did not have a detectable amount of a restricted controlled substance in his or her blood, or did not have an alcohol concentration described under sub. (1)(b), (bm), (d), or (e).

11

>        This issue was addressed by the circuit court. The circuit court found that counsel did not hire a reconstructionist because Gerhartz decided it was too expensive. The circuit court also found that counsel made a reasoned decision about how to approach the case, and that the best tactical decision counsel could have made was to recommend that Gerhartz agree to a plea by which some of the charges against him were dismissed. The court further found that there was a significant amount of evidence of Gerhartz's guilt, and that even if counsel's performance had somehow been deficient, Gerhartz had not shown how he was prejudiced by it. The court stated that Gerhartz got the best deal he could have gotten, and that if he had gone to trial, it might have been worse.
>
>        We agree with the circuit court's determination that Gerhartz has not established that his trial counsel's performance was less than it should have been. Counsel negotiated a reasonable deal for Gerhartz given the significant evidence of his guilt and the number of charges pending against him. Gerhartz also has not established that even assuming counsel's performance was somehow deficient, he was prejudiced in anyway [sic]. There was, as we have said, strong evidence of guilt, and Gerhartz faced trial on the felon charge of operating while intoxicated fifth or subsequent offense. Counsel, instead, negotiated a plea agreement that reduced Gerhartz's potential exposure on all charges. Counsel's decisions were reasonable under all the circumstances of this case.

I find that the appellate court's application of *Strickland* was reasonable. Because Gerhartz has not provided clear and convincing evidence that the trial court's factual findings were incorrect, this court must accept them as true. 28 U.S.C. § 2254(e)(1); *Ebert v. Gaetz*, 610 F.3d 404 (7th Cir. 2010). Considering all circumstances, with heavy deference to counsel's judgment, the circuit court judge found that counsel discussed with Gerhartz how to approach the case, including the possibility of hiring a reconstruction expert to investigate the cause of the accident. Counsel chose not to hire an expert after Gerhartz decided an expert would be too expensive. The circuit court judge also found that Gerhartz's counsel made a reasonable strategic choice to forego trial in favor of entering a plea deal. Even if Gerhartz had prevailed in the injury by intoxicated use of a vehicle charge on proof that his intoxication did not cause the accident, counsel reasonably believed, based on the evidence against Gerhartz, that he would

12

be found guilty of the operating while intoxicated, fifth or subsequent offense charge. By entering a no contest plea, Gerhartz avoided prosecution for felony bail jumping, which carried a potential additional 6-year prison term. Given the totality of these circumstances, counsel's choice to not hire an accident reconstruction expert was objectively reasonable.

But, even if I were to find trial counsel's assistance to be deficient, failure to hire a reconstruction expert would not have resulted in prejudice. To establish prejudice, Gerhartz must prove that, absent counsel's failure to investigate, he would have rejected counsel's advice to enter a no contest plea and proceed to trial. *See Hill*, 474 U.S. at 59. Gerhartz assumes without support that counsel could have identified and retained an accident reconstruction expert who would have testified in line with Gerhartz's account of the accident. According to the circuit court, however, this is unlikely for two reasons. First, given the snowy conditions on the roadway the night of the accident, it is unlikely that a reconstruction expert could provide any informed analysis of how the accident occurred. Second, Gerhartz's account of the accident was categorically at odds with other evidence. Even if he were somehow able to identify such an expert, Gerhartz merely speculates that a jury would have found his testimony credible. This is not enough to prove prejudice. *Strickland*, 466 U.S. at 693 ("It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding."); *see also George v. Smith*, 586 F.3d 479, 485 (7th Cir. 2009) (stating that "without the testimony from [certain] witnesses, it would be pure speculation to conclude that [the] defense was prejudiced by his counsel's failure to present their testimony").

Thus, to the extent Gerhartz's habeas corpus petition is predicated on the claim that his trial counsel was constitutionally ineffective for failing to hire an accident reconstruction expert,

13

his petition will be denied.

## V. CERTIFICATE OF APPEALABILITY

There is one final matter to address. Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts provides, in pertinent part:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *See Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the case before the court of appeals, but a certificate of appealability must identify each issue meeting the 'substantial showing' standard." *Id.* (emphasis added). Thus, for the court to issue a certificate of appealability to Gerhartz, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis added) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). This test was reiterated in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), *rev'd on other grounds*, *Miller-El*

14

*v. Dretke*, 545 U.S. 231 (2005).

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Id.* at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In my opinion, and for the reasons set forth in this decision denying Gerhartz's habeas corpus petition, none of Gerhartz's claims warrants a certificate of appealability. Put simply, the petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" by demonstrating either that jurists of reason could disagree with this court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny Gerhartz a certificate of appealability. Of course, Gerhartz retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**SO ORDERED** this 22nd day of June 2011, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge